**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Civil Action No. ____________**

| | |
|---|---|
| **CAMCO MANUFACTURING, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MIKE RAY MANUFACTURING, INC.,**<br><br>**Defendant.** | **VERIFIED COMPLAINT** |

**COMPLAINT**

Plaintiff Camco Manufacturing, Inc. ("Camco"), through counsel and complaining of Defendant Mike Ray Manufacturing, Inc. ("MRM"), alleges and says as follows:

**PARTIES AND JURISDICTION**

1. Camco is a corporation organized and existing under the laws of North Carolina with its principal place of business in Greensboro, North Carolina.

2. On information and belief, MRM is a corporation organized and existing under the laws of Texas with its principal place of business in Spring, Texas.

3. MRM's wrongful and unlawful conduct complained of herein occurred in part or in whole in this district, and such conduct originated in and was directed from this district.

4. This Court has both general and specific personal jurisdiction over MRM because its principal place of business is in Texas and its wrongful and unlawful conduct occurred in part or in whole in Texas.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Camco's claims against MRM arise under federal statute, specifically under 35 U.S.C. § 271 *et seq*.

6. Venue is proper in this district under 28 U.S.C. §1400(b) as MRM resides in this district, and as MRM has both committed acts of infringement and has a regular and established place of business in this district.

## FACTUAL ALLEGATIONS

7. Camco is the owner and holder of U.S. Patent No. 8,104,634 B2, issued on January 31, 2012 (the " '634 Patent"). A true and correct copy of the '634 Patent is attached as Exhibit A hereto and incorporated herein by reference.

8. Pursuant to the '634 Patent, Camco has the exclusive rights to use, make, market and sell certain patented mounted drainage pans used in connection with a tankless water heater or other water-containing device.

9. Pursuant to the '634 Patent, Camco has the exclusive rights to use, make, market and sell patented drainage systems in which a drain pan is mounted to a wall in such a way that a wall-mounted (or wall and pan-mounted) tankless water heater is at least partially enclosed by the drain pan. Such rights arise under, at least, claims 6 and 15 of the '634 Patent, as well as their dependent claims.

10. Since at least late 2013, MRM has used, made, marketed and/or sold one or more variations of "Tankless Water Heater Pans" ("Infringing Pans") that are covered by the '634 Patent. The following are images of MRM's Infringing Pans.









11. The Infringing Pans have been used a part of a drainage system that infringes one or more claims, such as claims 6 and 15, of the '634 Patent.

12. MRM does not have, and it has not sought, any license from Camco to use, make, market or sell the Infringing Pans or any other tankless water heater pans.

13. On November 11, 2013, MRM was written and notified of the existence of the '634 Patent and of MRM's infringement of that patent through its sale of the Infringing Pans. A copy of that letter (the "2013 Letter") is attached as Exhibit B hereto and incorporated herein by reference.

14. MRM has continued to use, make, market and/or sell Infringing Pans through the present.

15. On information and belief, MRM has derived substantial revenue from its sale of the Infringing Pans without paying Camco any amounts derived from such sales, whether as a license or otherwise.

**FIRST CLAIM FOR RELIEF**
**(Direct Patent Infringement, 35 U.S.C. § 271(a))**

16. The foregoing allegations in paragraphs 1-15 are incorporated by reference as if fully stated herein.

17. The '634 Patent is a valid U.S. patent.

18. The term of the '634 Patent has not expired.

19. MRM uses, makes, markets and/or sells one or more variations of Infringing Pans, and otherwise takes actions, that infringe one or more claims of the '634 Patent and is therefore liable to Camco for patent infringement pursuant to 35 U.S.C. § 271(a).

20. MRM has, upon information and belief, used, manufactured and/or tested a drainage system comprised of a wall, a drain pan, and a water containing device wherein the water containing device is a tankless water heater mounted to the wall and the drain pan is mounted to the wall in such a way that the tankless water heater is at least partially enclosed by the drain pan. MRM's actions and/or products have thereby infringed at least claim 6, and possibly other dependent claims as may be shown, of the '634 Patent.

21. MRM has alternatively, upon information and belief, used, manufactured and/or tested a drainage system comprised of a wall, a drain pan, and a water containing device wherein the water containing device is a tankless water heater mounted to the drain pan and wall simultaneously in such a way that the tankless water heater is at least partially enclosed by the drain pan. MRM's actions and/or products have thereby infringed at least claim 15, and possibly other dependent claims as may be shown, of the '634 Patent.

22. MRM's actions and infringement have been committed willfully.

23. Camco is entitled to relief against MRM for MRM's infringement of the '634 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for MRM's infringement pursuant to 35 U.S.C. § 284.

**SECOND CLAIM FOR RELIEF**
**(Contributory Patent Infringement, 35 U.S.C. § 271(c))**

24. The foregoing allegations in paragraphs 1-23 are incorporated by reference as if fully stated herein.

25. One or more variations of Infringing Pans made, marketed and/or sold by MRM are components of the patented systems protected by one or more claims of the '634 Patent.

26. The Infringing Pans used, made, marketed and/or sold by MRM are especially made or adapted for use in the infringement of the '634 Patent. The Infringing Pans have no reasonable use other than as part of drainage systems that infringe one or more claims of the '634 Patent, including claims 6 and 15 of the '634 Patent. The Infringing Pans have no substantial use other than as part of drainage systems that infringe one or more claims of the '634 Patent, including claims 6 and 15 of the '634 Patent.

27. MRM knows that the Infringing Pans infringe and/or contribute to infringement of the '634 Patent, in particular because MRM was informed of such infringement in the 2013 Letter.

28. The Infringing Pans used, made, marketed and/or sold by MRM have no reasonable or substantial uses that do not infringe or contribute to infringing the ‘634 Patent.

29. MRM knows that the Infringing Pans have no reasonable or substantial uses that do not infringe or contribute to infringing the ‘634 Patent.

30. To the extent MRM’s use making, marketing and/or sale of the Infringing Pans does not itself directly infringe the ‘634 Patent, MRM’s Infringing Pans have been used and applied to directly infringe the ‘634 Patent by customers of MRM who have purchased “Tankless Water Heater Pans” for such infringing uses. MRM knows that its Infringing Pans have been used as components of drainage systems that directly infringe one or more claims of the ‘634 Patent, including claims 6 and 15 of the ‘634 Patent.

31. MRM’s actions and contributory infringement have been committed willfully.

32. Camco is entitled to relief against MRM for MRM’s contributory infringement of the ‘634 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for MRM’s infringement pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF
**(Inducement of Patent Infringement, 35 U.S.C. § 271(b))**

33. The foregoing allegations in paragraphs 1-33 are incorporated by reference as if fully stated herein.

34. MRM has induced infringement of one or more claims of the ‘634 Patent, including claims 6 and 15 of the ‘634 Patent.

35. MRM knows that its Infringing Pans are used as components of drainage systems in which an Infringing Pan is mounted to a wall in such a way that a wall-mounted (or wall and pan-mounted) tankless water heater is at least partially enclosed by the Infringing Pan, and otherwise to infringe one or more claims of the ‘634 Patent.

36. MRM engages in conduct inducing, or leading, others to so infringe one or more claims of the ‘634 Patent.

37. MRM has specifically configured, sized and designed the Infringing Pans for such infringement, thereby actively encouraging and inducing infringement.

38. The Infringing Pans have no reasonable use other than as part of drainage systems that infringe one or more claims of the ‘634 Patent, including claims 6 and 15 of the ‘634 Patent

39. MRM’s actions have yielded actual direct infringement.

40. MRM’s actions and inducement to infringement have been committed willfully.

41. Camco is entitled to relief against MRM for MRM’s inducement of infringement of the ‘634 Patent, including but not limited to injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate for MRM’s infringement pursuant to 35 U.S.C. § 284.

**JURY DEMAND**

A jury trial is demanded for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Camco prays as follows:

1. For injunctive relief against MRM enjoining any further sales of its Infringing Pans that infringe, directly or contributorily, the ‘634 Patent;
2. For damages adequate to compensate Camco for MRM’s infringement during the time period provided in 35 U.S.C. § 286, pursuant to 35 U.S.C. § 284;
3. For attorneys’ fees as allowed by applicable law, including but not limited to 35 U.S.C. § 285; and
4. For such other and further relief as the Court may deem just and proper.
5. A jury trial is demanded for all issues so triable.

This the 10th day of December, 2019.

*/s/ Alden G. Harris*
Alden G. Harris
Texas Bar No. 24083138
S.D. Texas Bar No. 1733813
aharris@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

David W. Sar
(to be admitted *pro hac vice*)
N.C. State Bar No. 23533
dsar@brookspierce.com
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
Post Office Box 26000
Greensboro, NC 27420
Tel: 336.373.8850
Fax: 336.232.9075

*Attorneys for Plaintiff*

**VERIFICATION**

STATE OF NORTH CAROLINA

GUILFORD COUNTY

Dwayne Moore, being first duly sworn, deposes and says:

I am the President of Camco Manufacturing, Inc., the Plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true. I verify under penalty of perjury that the foregoing is true and correct. Executed on December 5, 2019 in Greensboro, North Carolina.

Dwayne Moore

Dwayne Moore

Sworn to and subscribed before me
this the 5 day of December, 2019.

Elizabeth P. Roth
Notary Public

ELIZABETH P. ROTH
Printed Name

My Commission Expires:

May 26, 2023