**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAMCO MANUFACTURING,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-04799** |
| | § | |
| **MIKE RAY MANUFACTURING, INC.** | § | |
| ***Defendant.*** | § | |

**DEFENDANT MIKE RAY MANUFACURING, INC.'S ORIGINAL ANSWER TO PLAINTIFF CAMCO MANUFACTURING, INC.'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Mike Ray Manufacturing, Inc. ("MRM") files this Answer to Plaintiff Camco Manufacturing, Inc.'s ("Camco") Complaint and shows the following:

**DEFENDANT'S ORIGINAL ANSWER**

MRM denies each and every allegation of Camco's Complaint that is not hereinafter specifically admitted, modified, or explained. MRM responds to the individual allegations contained in Camco's Complaint, as follows:

**I. <u>ADMISSIONS AND DENIALS</u>**

**PARTIES AND JURISDICTION**

1. MRM does not possess information sufficient to admit or deny the allegations in paragraph 1 of Camco's Complaint and, therefore, denies them.

2. MRM admits the allegations in paragraph 2 of Camco's Complaint.

3. MRM denies the allegations in paragraph 3 of Camco's Complaint.

4. MRM admits that the Court has jurisdiction over MRM and that its principal place of business is in Texas. MRM denies the remaining allegations in paragraph 4 of Camco's Complaint.

5. MRM admits that the Court has jurisdiction over patent litigation claims pursuant to 28 U.S.C. §1331. MRM denies the remaining allegations in paragraph 5 of Camco's Complaint.

6. MRM admits that venue is proper inasmuch as MRM's principal place of business is in this District. MRM denies that it has committed any acts of infringement and otherwise denies the remaining allegations in paragraph 6 of Camco's Complaint.

## FACTUAL ALLEGATIONS

7. MRM lacks information sufficient to form a belief as to the allegations in paragraph 7 of Camco's Complaint and, therefore, denies them.

8. MRM lacks information sufficient to form a belief as to the allegations in paragraph 8 of Camco's Complaint and, therefore, denies them.

9. MRM lacks information sufficient to form a belief as to the allegations in paragraph 9 of Camco's Complaint and, therefore, denies them.

10. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans. MRM denies that any of its products are infringing on any of Camco's alleged patents. MRM denies the remaining allegations in paragraph 10 of Camco's Complaint.

11. MRM denies the allegations in paragraph 11 of Camco's Complaint.

12. MRM admits that it does not have, nor has it ever sought, a license from Camco regarding water heater drain pans because there is no requirement or obligation that MRM do so, as MRM's products do not infringe on any alleged patent of Camco. MRM denies the remaining allegations in paragraph 12 of Camco's Complaint.

13. MRM admits that it received the letter dated November 11, 2013, a copy of which is attached to Camco's Complaint. MRM denies that any of its products are infringing on any of Camco's alleged patents and denies the remaining allegations in paragraph 13 of Camco's Complaint.

14. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans. MRM denies that any of its products are infringing on any of Camco's alleged patents. MRM denies the remaining allegations in paragraph 14 of Camco's Complaint.

15. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans, and that it has derived some amount of revenue from such sales. MRM denies that any of its products are infringing on any of Camco's alleged patents or that it is otherwise obliged to make payment to Camco. MRM denies the remaining allegations in paragraph 15 of Camco's Complaint.

**FIRST CLAIM FOR RELIEF**

16. MRM incorporates by reference its responses to paragraphs 1-15 of Camco's Complaint.

17. MRM lacks information sufficient to form a belief as to the allegations in paragraph 17 of Camco's Complaint and, therefore, denies them.

18. MRM lacks information sufficient to form a belief as to the allegations in paragraph 18 of Camco's Complaint and, therefore, denies them.

19. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans. MRM denies that any of its products are

infringing on any of Camco's alleged patents. MRM denies the remaining allegations in paragraph 19 of Camco's Complaint.

20. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans. MRM denies that any of its products are infringing on any of Camco's alleged patents. MRM denies the remaining allegations in paragraph 20 of Camco's Complaint.

21. MRM admits that it has manufactured, sold, and placed into the stream of commerce certain types of water heater drain pans. MRM denies that any of its products are infringing on any of Camco's alleged patents. MRM denies the remaining allegations in paragraph 21 of Camco's Complaint.

22. MRM denies the allegations in paragraph 22 of Camco's Complaint.

23. MRM denies the allegations in paragraph 23 of Camco's Complaint.

## SECOND CLAIM FOR RELIEF

24. MRM incorporates by reference its responses to paragraphs 1-23 of Camco's Complaint.

25. MRM denies the allegations in paragraph 25 of Camco's Complaint.

26. MRM denies the allegations in paragraph 26 of Camco's Complaint.

27. MRM denies the allegations in paragraph 27 of Camco's Complaint.

28. MRM denies the allegations in paragraph 28 of Camco's Complaint.

29. MRM denies the allegations in paragraph 29 of Camco's Complaint.

30. MRM denies the allegations in paragraph 30 of Camco's Complaint.

31. MRM denies the allegations in paragraph 31 of Camco's Complaint.

32. MRM denies the allegations in paragraph 32 of Camco's Complaint.

**THIRD CLAIM FOR RELIEF**

33. MRM incorporates by reference its responses to paragraphs 1-32 of Camco's Complaint.

34. MRM denies the allegations in paragraph 34 of Camco's Complaint.

35. MRM denies the allegations in paragraph 35 of Camco's Complaint.

36. MRM denies the allegations in paragraph 36 of Camco's Complaint.

37. MRM denies the allegations in paragraph 37 of Camco's Complaint.

38. MRM denies the allegations in paragraph 38 of Camco's Complaint.

39. MRM denies the allegations in paragraph 39 of Camco's Complaint.

40. MRM denies the allegations in paragraph 40 of Camco's Complaint.

41. MRM denies the allegations in paragraph 41 of Camco's Complaint.

42. MRM denies the allegations contained in the remaining paragraphs of Camco's Complaint and denies that Camco is entitled to the relief sought in its Prayer for Relief.

## II. AFFIRMATIVE DEFENSES

43. Camco's claims and requested relief are barred, in whole or in part, by the doctrine of laches.

44. Camco's claims and requested relief are barred, in whole or in part, by the applicable statute of limitations.

45. Camco's claims and requested relief are barred, in whole or in part, because MRM's products do not infringe on any alleged patents.

46. Camco's claims and requested relief are barred, in whole or in part, because the alleged patents are invalid. Camco's alleged patents are not novel. In addition, Camco's alleged patent design was obvious based on the applicable state of the art.

47. Camco's claims and requested relief are barred, in whole or in part, by the doctrines of waiver or estoppel.

## PRAYER

For these reasons, Mike Ray Manufacturing, Inc. prays:

1. That Camco take nothing by way of its Complaint and that same be dismissed with prejudice to refiling;
2. That judgment be entered in favor of MRM;
3. That costs and expenses be taxed against Camco and that MRM recover its attorneys' fees pursuant to 28 U.S.C. §285, or otherwise as permitted by law or equity; and
4. For such other relief, both general and special, at law and in equity, to which MRM may be justly entitled.

Respectfully submitted,

COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1080 (Office)
(512) 610-1182 (Direct)
(512) 610-1184 (Fax)

By: /s/ *Ryan L. Harrison*
RYAN L. HARRISON
Attorney-In-Charge
State Bar No. 24068704
SDTX Bar No. 1026021
rharrison@cokinoslaw.com

CHARLES W. GETMAN
State Bar No. 07831200
SDTX Bar No. 95230
cgetman@cokinoslaw.com

LAUREN SPROUSE ALDREDGE
State Bar No. 24079380
SDTX Bar No. 1580042
laldredge@cokinoslaw.com

**ATTORNEYS FOR DEFENDANT MIKE RAY MANUFACTURING, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was electronically filed on the CM/ECF system, which will automatically serve as Notice of Electronic Filing by email to all counsel of record on the 7th day of January 2020.

/s/ *Ryan L. Harrison*
Ryan L. Harrison